**In re Roger G. CARLSON, Debtor.**

**Bankruptcy No. 95–03234.**

United States Bankruptcy Court,
D. Idaho.

Feb. 29, 1996.

Christian D. Brown, Boise, Idaho, for Debtor.

D. Blair Clark, Ringert Clark Chartered, Boise, Idaho, for Trustee.

Bernie Rakozy, Trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

The Debtor, Roger G. Carlson, applied for, and will receive, approximately $3,624.00 from the Independent School District of Boise City in July of this year. The payment will be made to the Debtor under the provisions of the Boise City Independent School District Early Retirement Incentive Program ("ERIP"). The chapter 7 Trustee contends these funds are property of the chapter 7 estate. The Debtor claims the funds are exempt property under the provisions of Idaho Code § 11–604(1)(e). The Trustee further alleges that if the funds are exempt under the provisions of Idaho Code § 11–604(1)(e), the funds are still not necessary for the support of the Debtor and his dependents as that phrase is defined by the provisions of Idaho Code § 11–604(2).

### FACTS

The Debtor filed his chapter 7 petition on October 26, 1995. The Debtor was employed with the Boise School District. He elected to take early retirement and to participate in the ERIP program. Under that program, he will receive the sum of $3,624.26 as calculated by the Administrator of Business Operations of the Independent School District of Boise City. The payment is due in July, 1996. The gross amount to which the Debtor would be entitled is $5,642.50. The $3,624.26 is an estimate of the amount the Debtor will receive in July after deducting state and federal withholding taxes.

The Debtor admits he is not a party to a marriage contract but lives with and supports a women he considers his common-law spouse and her two children. He helps with the support of the two children. The spouse has no separate income.

### DISCUSSION

The ERIP program of the Independent School District of Boise City is essentially a "buy-out" program whereby the School District offers cash incentives to employees to induce early retirement. It is not a program to which an employee has a vested right to participate in and it is not based on contract. An employee needs to apply to participate in the program and acceptance into the program is at the option of the District. The payment is termed a "grant" by the District in it's written description of the program.

In order to be eligible for the ERIP, an individual must have been employed by the Independent School District of Boise City for

at least fifteen consecutive years and must have attained the age of fifty-five years.

Idaho Code § 11–604(1) states:

*Paragraph exempt to extent reasonably necessary for support.—*

(1) An individual is entitled to exemption of the following property to the extent reasonably necessary for the support of him and his dependents . . .

(e) Assets held, payments made, and amounts payable under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract, providing benefits by reason of age, illness, disability, or length of service.

I conclude the Early Retirement Incentive Program of the Independent School District of Boise City fits into this statute. While the benefits of the plan are not a pension or an annuity, it is a "similar plan" that provides retirement benefits to those individuals accepted in the program based upon age and length of service.

Since the Debtor has no other source of income afforded by regular employment, these funds are reasonably necessary for his support regardless of the issue raised by the Trustee as to the Debtor's legal obligation to support his spouse and her two children.

The Trustee's objection to the Debtor's claim of exemption will be denied. A separate order will be entered.